UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK *ex rel.* TZAC, INC.<br><br>                Plaintiff-Relator,<br><br>    v.<br><br>NEW ISRAEL FUND,<br><br>                Defendant. | Civil Action No.   1:20-cv-2955 |

**DEFENDANT NEW ISRAEL FUND'S NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION)**

Defendant New Israel Fund files this Notice of Removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1340 because this action arises under the United States Internal Revenue Code, in particular 26 U.S.C. § 501(c)(3).  In support hereof, New Israel Fund shows this Court as follows:

    1.      Plaintiff TZAC, Inc. filed this *qui tam* action under seal on August 19, 2019, in the Supreme Court of the State of New York, County of New York.  It is captioned *State of New York ex rel. TZAC, Inc. v. New Israel Fund*, Index No.: 101260-19 (the "State Court Action").

    2.      On November 22, 2019, the State of New York — on whose behalf TZAC sued — declined to intervene in the State Court Action.

    3.      Defendant New Israel Fund was served with the summons and Complaint on March 11, 2020, after the State Court Action was unsealed.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon New Israel Fund in the State Court Action are attached hereto as Exhibits A through E.

4. This Notice is being filed with this Court within thirty days after service of the Complaint on New Israel Fund.

5. This Court has subject matter jurisdiction due to its original jurisdiction over cases "arising under" federal law generally, *see* 28 U.S.C. § 1331, and federal tax law in particular, *see id.* § 1340.

6. As the Supreme Court has explained, a cause of action arises under federal law if a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308 (2d Cir. 2016) (affirming denial of remand under circumstances similar to the instant case).

7. TZAC's action satisfies that standard. TZAC alleges that New Israel Fund failed to maintain its tax-exempt status under § 501(c)(3) of the United States Internal Revenue Code. As a result, says TZAC, New Israel Fund owes unspecified taxes to the State and City of New York and has thereby violated the New York False Claims Act. *See* N.Y. Fin. Law § 187 *et seq.* This claim necessarily implicates New Israel Fund's compliance with *federal* tax law. By TZAC's own admission, New Israel Fund's state and local tax obligations turn on its federal tax-exempt status. *See* Compl. ¶¶ 4 ("NIF is registered under Section 501(c)(3) of the Internal Revenue Code and therefore the income it receives from its donations and investments is tax exempt under Federal, State, and local law."); 21 ("As a result of NIF's federal tax exemption, it receives exemption from taxation in the State and City of New York."). Indeed, the alleged "fraudulent statements" TZAC identifies were affirmances of federal tax-law compliance contained within federal tax forms. *See id.* ¶¶ 8–19 (specifically identifying IRS Form 990). Accordingly, any court charged with adjudicating TZAC's asserted state-law claim will have to resolve the question of New Israel Fund's compliance with the obligations of its federal tax-exempt status. This Court thus has jurisdiction

over this action pursuant to 28 U.S.C. §§ 1331 and 1340, without regard to the amount in controversy or the citizenship of the parties. The State Court Action is thus removable pursuant to 26 U.S.C. §§ 1331, 1340, and 1441.

8. Venue of the removal action is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a) because the county from which the State Court Action is being removed—New York County—lies within this federal district.

9. Promptly after the filing of this Notice of Removal, New Israel Fund shall give written notice of the removal to plaintiff TZAC, Inc. and the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

10. New Israel Fund is the only defendant, and it consents to removal.

WHEREFORE, New Israel Fund respectfully provides notice of removal of the above-described action to this Court.

DATED: April 10, 2020

Respectfully submitted,

/s/ J. Emmett Murphy

| | |
|---|---|
| Jeffrey S. Bucholtz, *Pro Hac Vice to be sought* | J. Emmett Murphy |
| Gabriel Krimm, *Pro Hac Vice to be sought* | KING & SPALDING LLP |
| KING & SPALDING LLP | 1185 Avenue of the Americas |
| 1700 Pennsylvania Ave., NW | New York, NY 10036 |
| Washington, DC 20006 | Tel: (212) 556-2100 |
| Tel: (202) 626-2907 | Fax: (212) 556-2222 |
| Fax: (202) 626-3737 | jemurphy@kslaw.com |
| jbucholtz@kslaw.com | |
| gkrimm@kslaw.com | |

*Counsel for Defendant New Israel Fund*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served via UPS next business day delivery on April 10, 2020, on counsel for plaintiff TZAC, Inc.

                                                                             */s/ J. Emmett Murphy*
                                                                             J. Emmett Murphy