UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK *ex rel.* TZAC, INC., | |
| Plaintiff, | |
| v. | No. 1:20-cv-2955-GHW |
| NEW ISRAEL FUND, | |
| Defendant. | |

### STATE OF NEW YORK'S STATEMENT OF INTEREST
### IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

LETITIA JAMES
Attorney General of the State of New York
28 Liberty Street
New York, New York 10005

Sujata M. Tanikella
Assistant Attorney General
(212) 416-6271
sujata.tanikella@ag.ny.gov

Joshua Dugan
Assistant Attorney General
(212) 416-8030
joshua.dugan@ag.ny.gov

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

I.   FEDERAL TAX LAW DOES NOT PREEMPT THE NYFCA ............................. 3

    A.   Preemption of State Law is Difficult to Establish ............................................. 4

    B.   Federal Tax Law Does Not Preempt the NYFCA Because
       No Conflict Between State and Federal Tax Law Exists .................................... 5

    C.   Defendant's Assertion That Congress Intended the IRS as the Sole
       Enforcer of Federal Tax Law is Irrelevant to This State Tax Fraud Action ...... 7

II. PENALIZING KNOWING VIOLATIONS OF TAX LAW THROUGH THE
    NYFCA RAISES NO CONSTITUTIONAL CONCERNS .................................... 9

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                           Page(s)

*Advanced Pharm, Inc. v. United States*,
391 F.3d 377 (2d Cir. 2003)..................................................................................9

*In re Bayer Corp. Comb. Aspirin Prod. Mktg. & Sales Practices Litig.*,
701 F. Supp. 2d 356 (E.D.N.Y. 2010) ...................................................................9

*Buckman Co. v. Plaintiffs' Legal Committee*,
531 U.S. 341 (2001)..............................................................................................8

*Colautti v. Franklin*,
439 U.S. 379 (1978)..............................................................................................9

*Einaugler v. Supreme Court*,
109 F.3d 836 (2d Cir. 1997)..................................................................................9

*English v. Gen. Electric Co.*,
496 U.S. 72 (1990)................................................................................................4

*Fair Assessment in Real Estate Ass'n v. McNary*,
454 U.S. 100 (1981)..............................................................................................8

*Forman v. Novartis Pharm. Corp.*,
793 F. Supp. 2d 598 (E.D.N.Y. 2011) ..................................................................8

*Fortier v. Principal Life Ins. Co.*,
666 F. 3d 231 (4th Cir. 2012) ...............................................................................5

*Fulani v. League of Women Voters Educ. Fund*,
882 F.2d 621 (2d Cir. 1989)..................................................................................8

*Hoffman Estates v. Flipside, Hoffman Estates*,
455 U.S. 489 (1981)..............................................................................................9

*Marentette v. Abbott Labs., Inc.*,
886 F.3d 112 (2d Cir. 2018)..................................................................................8

*Matter of Disney Enters., Inc. v. Tax Appeals Trib. of State of N.Y.*,
10 N.Y.3d 392 (N.Y. 2008) ..................................................................................4

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litig.*,
725 F. 3d 65 (2d Cir. 2013)...............................................................................4, 5

*Nat'l Fed'n of Indep. Bus. v. Sebelius*,
567 U.S. 519 (2012) ................................................................................ 5

*People ex rel. Schneiderman v. Sprint Nextel Corp.*,
26 N.Y.3d 98 (N.Y. 2015) ................................................................... 2, 10

*Rosewell v. LaSalle Nat'l Bank*,
450 U.S. 503 (1981) ................................................................................ 8

**Statutes and Regulations**

20 N.Y.C.R.R. § 1-3.4(b)(6) ................................................................... 3, 6

26 U.S.C. § 501(c)(3) ......................................................................... 1, 2, 9

26 U.S.C. § 7428 ..................................................................................... 7

26 U.S.C. § 7623 .................................................................................. 7, 8

26 U.S.C. § 7801(a)(1) ........................................................................... 7

28 U.S.C. § 1331 ..................................................................................... 3

28 U.S.C. § 1341 ..................................................................................... 8

N.Y. State Fin. Law § 188(3)(a) .......................................................... 10

N.Y. State Finance Law §§ 187-194, *et seq.* ......................................... 2

N.Y. State Finance Law § 189(1)(g) ............................................. *passim*

N.Y. State Finance Law § 189(4)(a) ....................................................... 2

N.Y. State Finance Law § 190(2)(f) ....................................................... 3

**Other Authorities**

H.R. Rep. 94-658 (1975) ......................................................................... 7

Rev. Rul. 85-33, 1985-1 C.B. 335 (1985) .............................................. 5

The Office of the New York State Attorney General respectfully submits this Statement of Interest on behalf of the State of New York ("State") in response to the Memorandum of Law in Support of New Israel Fund's Motion to Dismiss ("Moving Brief").[1]

## PRELIMINARY STATEMENT

Defendant makes two mistaken assertions in its Motion to Dismiss filed on June 26, 2020—first, that the Internal Revenue Code preempts the New York False Claims Act ("NYFCA"), and second, that the NYFCA is void for vagueness.[2]  The first assertion is wrong because it mischaracterizes this action as an attempt to enforce federal tax law—this is not so.  In fact, this action seeks, perfectly legitimately, to enforce the tax laws of the State, via the tax provision in the NYFCA.  State tax law offers tax exemptions to entities that, among other things, possess a federal tax exemption under 26 U.S.C. § 501(c)(3).  Accordingly the State can seek to recover, including through the NYFCA, for fraud in obtaining such exemptions. Applying preemption under such circumstances would, absurdly, divest the State of one of its most fundamental powers, that of taxation and the power to enforce its own tax laws.  As shown below, none of the relevant preemption types—conflict, impossibility or obstacle—exist under the circumstances presented in this matter.  Defendant's second assertion is wrong because it ignores the elementary rule that a statute with a clear scienter requirement, such as that reflected in the NYFCA, does not abridge due process by its vagueness.[3]

---

[1] Although the State declined to intervene or supersede in this *qui tam* action, the State remains the real party in interest under the New York False Claims Act, the statute upon which Relator bases its claims.  Additionally, because the New York False Claims Act is the State's primary tool to redress fraud on the State, the State has a strong interest in its interpretation and application.

[2] The State takes no position on the other issues raised in the Moving Brief.

[3] The State filed a letter on June 17, 2020, stating it only anticipated addressing Defendant's federal preemption argument.  However, it was not clear from Defendant's June 12, 2020 letter setting forth grounds for its motion to dismiss that it intended to challenge the constitutionality of the NYFCA.  Upon review of the Moving Brief, the State believes it is necessary to address this argument as well.

**BACKGROUND**

On or about August 15, 2019, The Zionist Advocacy Center ("Relator"), filed a *qui tam* Complaint on behalf of the State in New York Supreme Court pursuant to the tax law provisions of the NYFCA.  The NYFCA, enacted in 2007, enables private parties to bring actions on behalf of the State to recover for various forms of fraud against the state and local government.  *See N.Y. State Fin. Law* §§ 187-194*, et seq.*  The NYFCA was amended in 2010 to apply to "claims, records, or statements made under the tax law" above certain monetary thresholds, thus enabling recovery for knowing violations of state tax law.  *Id.* § 189(4)(a).  The 2010 amendment was designed to "provide an additional enforcement tool against those who file false claims under the Tax Law and thus deter the submission of false tax claims while also providing additional recoveries to the State and to local governments."  *People ex rel. Schneiderman v. Sprint Nextel Corp.*, 26 N.Y. 3d 98, 107 (N.Y. 2015) (quoting Letter from N.Y. Dept. of Tax & Fin., Aug. 4, 2010, at 2, Bill Jacket, L. 2010, ch. 379 at 13).

The Complaint alleges a violation of § 189(1)(g) of the NYFCA, which imposes liability on a person or entity that "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government."  *N.Y. State Fin. Law* § 189(1)(g).  The Complaint alleges that Defendant falsely claimed it was a tax-exempt organization under § 501(c)(3) of the Internal Revenue Code, and was thereby exempt from federal, state and local tax.  It alleges that in order to obtain tax-exempt status, Defendant certified in forms submitted to state and federal tax authorities that it had not engaged in political campaign activities, but those certifications were false because it provided grants to organizations that oppose and support candidates for public office in Israel.  The Complaint alleges that Defendant's knowing submission of false claims to state tax authorities,

which were material to an obligation to pay money to the state or local government, constituted a violation of the NYFCA.  The Complaint seeks relief in the form of state and local taxes, plus damages and penalties as provided by the NYFCA.

On November 22, 2019, the State filed a Notice of Election to Decline Intervention, pursuant to New York State Finance Law § 190(2)(f).  Upon notification by Relator of its intent to pursue the litigation, the New York Supreme Court unsealed the Complaint on December 9, 2019 and ordered that Relator serve the Complaint on Defendant.  On April 10, 2020, Defendant removed the action to federal court, pursuant to 28 U.S.C. § 1331, and on June 26, 2020, it filed the instant motion to dismiss.

Today, Relator filed an Amended Complaint, clarifying that its claim pursuant to § 189(1)(g) is premised on Defendant's violation of § 1-3.4(b)(6) of the New York Codes, Rules and Regulations.  *See* Am. Compl. ¶ 22 (citing 20 N.Y.C.R.R. § 1.34(b)(6)(i), (ii)).  This regulation provides that certain nonprofit organizations, which have obtained federal tax-exempt status, are "presumed" to be exempt from State taxation.  *See* 20 N.Y.C.R.R. § 1.34(b)(6).

## ARGUMENT

### I.    FEDERAL TAX LAW DOES NOT PREEMPT THE NYFCA

Defendant states that it "is not contending that New York lacks authority to enforce its own tax law if its law parallels federal tax law.  That is not what the complaint seeks to do…." Moving Br. at 10 n.7.  But this is wrong—the Complaint (as confirmed by today's amended filing) *does* seek to enforce New York's tax law, through the NYFCA.  *See, e.g.*, Compl. ¶4 (alleging a failure to pay state and local tax); ¶¶ 36-39 (sole relief sought is state and local taxes

plus NYFCA penalties).[4]  And, as discussed below, Defendant's Motion fails to demonstrate that

the federal and state tax regimes are anything other than parallel.  Therefore, Defendant cannot

establish the prerequisites for federal preemption, as it has the burden to do.  *See In re Methyl*

*Tertiary Butyl Ether (MTBE) Products Liability Litig.*, 725 F. 3d 65, 96 (2d Cir. 2013).

### A.  Preemption of State Law is Difficult to Establish

Preemption analysis begins with the "assumption that the historic police powers of the

States were not to be superseded by the Federal Act unless that was the clear and manifest

purpose of Congress."  *Id.* (quoting *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)).  The power to

tax is plainly a traditional state power.  *Matter of Disney Enters., Inc. v. Tax Appeals Trib. of*

*State of N.Y.*, 10 N.Y.3d 392, 403 (N.Y. 2008).

Federal law may preempt state law where the latter "directly conflicts with the structure

and purpose" of a federal statute.[5]  *(MTBE) Products Liab. Litig.*, 725 F. 3d at 97.  This may

occur where compliance with both federal and state regulations is a "physical impossibility" or

where the state law stands as an "obstacle to the accomplishment and execution of the full

purposes and objectives of Congress."  *Id.* at 97 (quoting *Arizona v. United States*, 567 U.S. 387,

399 (2012)).

---

[4] Defendant emphasizes that the Complaint has not identified a provision of New York tax law that has been violated.  *See* Moving Br. at 10 n.7.  Not only is this assertion no longer true given today's amended filing, it merely amounts to an argument that the Complaint fails to state a claim under the NYFCA.  It does not somehow demonstrate that the NYFCA is being used to enforce federal tax law.

[5] Preemption may also be found where Congress expressly provides that a federal statute overrides state law, or where Congress legislates so comprehensively in a particular area as to "occupy the field," permitting the inference that state law is preempted in the entire subject area.  *See id.* at 96-97.  Defendant has not specified which form of preemption it believes is applicable.  However, express preemption is clearly inapplicable as none of the federal statutes cited by Defendant contain language expressly preempting state law.  Field preemption is similarly inapplicable.  Defendant has not established that federal law concerning the qualification of organizations for tax exemptions is "so pervasive" that Congress "left no room for the States to supplement it" or "so dominant" that state law on this subject is assumed to be precluded.  *See English v. Gen. Electric Co.*, 496 U.S. 72, 79 (1990) (internal quotation omitted).  Defendant has cited no cases that have applied field preemption in this context.  Further, states' power to create state and local tax exemptions, and enforcement provisions, are within traditional state taxation powers.  *See Matter of Disney Enters., Inc.* 10 N.Y.3d at 403 (N.Y. 2008).

So-called "impossibility preemption" may take effect where "state law penalizes what federal law requires" or "when state law claims direct conflict with federal law." *Id.* (internal quotation omitted).  The burden to prove impossibility preemption is "demanding" and courts "will not easily find a conflict that overcomes the presumption against preemption." *See id.* at 97.  Indeed, if there is "*any* available alternative for complying with both federal and state law," there is no impossibility preemption. *See id.* at 99.

Obstacle preemption "precludes state law that poses an actual conflict with the overriding federal purpose and objective." *Id.* at 101 (internal quotation omitted).  As with impossibility preemption, the burden to prove obstacle preemption is "heavy." *Id.* at 101.  A showing of mere tension between federal and state law is insufficient; the conflict must be "sharp," and in fact, "so direct and positive that the two acts cannot be reconciled or consistently stand together." *Id.* at 101-02.

### B.  Federal Tax Law Does Not Preempt the NYFCA Because No Conflict Between State and Federal Tax Law Exists

As a general matter, the Internal Revenue Code does not conflict with the enforcement of the State tax law implicated here.  Plainly, a key "overriding federal purpose," *(MTBE) Products Liab. Litig.*, 725 F. 3d at 101, of the Internal Revenue Code is to raise revenue for the federal government.  *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 564 (2012) (stating the "essential feature of any tax" is to "produce[] at least some revenue for the Government"); *Fortier v. Principal Life Ins. Co.*, 666 F. 3d 231, 243 (4th Cir. 2012) (Floyd, J., dissenting) ("[T]he goal of the Internal Revenue Code is to raise revenue as well as to encourage various policy goals."); Rev. Rul. 85-33, 1985-1 C.B. 335 (1985) ("The Internal Revenue Code, on the other hand, is not per se, a regulatory statute, its purpose being to raise revenue.").

Nothing in the State's tax provisions governing nonprofit organizations frustrates or

serves as an obstacle to this overriding purpose and objective.  In fact, the opposite is true:  the federal and State statutes are complementary, and here in particular, they are conceptually closely linked.  The State offers an exemption from State corporation franchise tax for certain nonprofit organizations.  This exemption, which largely follows the parallel provisions of the Internal Revenue Code, is described as follows in the governing regulations:

> (b) The following corporations are exempt from taxation under article 9-A:
>
>> (6) corporations organized other than for profit which do not have stock or shares or certificates for stock or for shares and which are operated on a nonprofit basis no part of the net earnings of which inures to the benefit of any officer, director, or member, including Not-for-Profit Corporations and Religious Corporations.
>>
>> (i) A corporation organized other than for profit, as described in this paragraph, which is exempt from Federal income taxation pursuant to subsection (a) of section 501 of the Internal Revenue Code, will be presumed to be exempt from tax under article 9-A. If a corporation organized other than for profit is denied exemption from taxation under the Internal Revenue Code, such corporation will be presumed subject to tax under article 9-A.
>>
>> (ii) The determination of the Internal Revenue Service, denying or revoking exemption from Federal taxation under the Internal Revenue Code, will ordinarily be followed[.]

20 N.Y.C.R.R. § 1-3.4.  Rather than creating any conflict with federal law, this regulation largely follows federal law by "presum[ing]" that corporations exempt from federal law are exempt from State taxation, and indicating that determinations from the IRS denying or revoking exemptions will normally be followed.

The NYFCA, which merely provides added enforcement capability to the State tax law, clearly does not conflict with the Internal Revenue Code.  The Complaint alleges a violation of § 189(1)(g) of the NYFCA, which imposes liability on a person or entity that "knowingly makes, uses or causes to be made or used, a false record or statement material to an obligation to pay or

transmit money or property to the state or local government." N.Y. State Fin. Law § 189(1)(g). Nothing about this provision makes it impossible to co-exist with federal law. It does not penalize what federal tax law requires, or otherwise pose any direct conflict with federal law; it simply provides a mechanism by which to enforce state tax law, which parallels federal tax law. Nor does it pose an obstacle to the overriding federal purposes and objectives of the federal tax law, because enforcement of State tax law would not inhibit the federal government from enforcing federal tax law and seeking its own remedies.

### C. Defendant's Assertion That Congress Intended the IRS as the Sole Enforcer of Federal Tax Law is Irrelevant to This State Tax Fraud Action

Defendant's assertion that Congress intended only the Internal Revenue Service to enforce the federal tax law is simply beside the point: Relator is not trying to enforce federal tax law using the NYFCA.

Defendant's description of particular statutes within the federal tax regime as illustrative of Congressional intent—to wit, 26 U.S.C. § 7801(a)(1), 26 U.S.C. § 7428, and 26 U.S.C. § 7623 as well as the lack of tax provisions in the federal FCA—offers no basis for preemption because no tension exists between the federal tax regulatory scheme and the NYFCA's tax provisions. First, the NYFCA does not enable private plaintiffs to contest the federal tax-exempt status of an organization for purposes of federal tax law; rather, it enables private plaintiffs, on behalf of the State, to redress a fraudulently-secured state tax exemption. Second, the NYFCA does not pose any obstacle to the declaratory judgment mechanism for determining exempt status under 26 U.S.C. § 7428, because it does not obstruct organizations denied federal tax exemptions from obtaining prompt judicial review. *See* H.R. Rep. 94-658, at 287 (1975) (stating purpose of § 7428 was to "facilitate relatively prompt judicial review of the specified types of exempt

organizations at issue").[6]  Third, the structure of the federal False Claims Act and the existence

of the IRS whistleblower statute, 26 U.S.C. § 7623, merely provide evidence of a tax

enforcement regime that is parallel, though not identical, to the state tax enforcement regime.[7]

 *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), cited by Defendant,

is clearly distinguishable for at least two reasons.  First, the state law claims at issue in *Buckman*

sought relief for defrauding a federal agency, whereas the NYFCA expressly seeks to redress

fraud against the State.  *See N.Y. State Fin. Law* § 189(1)(g).  Second, the state tort in *Buckman*

was premised entirely on a violation of federal law, namely, the regulatory regime governing

applications for FDA approval.[8]  Here, relator's claim is not premised entirely on a violation of

federal law, but on the Defendant's knowing submission to the State of false certifications

material to its obligation to pay money to the state or local government.  *See N.Y. State Fin. Law*

§ 189(1)(g).

 On similar grounds, a number of cases in this circuit have distinguished *Buckman*,

rejecting preemption.  *See, e.g., Forman v. Novartis Pharm. Corp.*, 793 F. Supp. 2d 598, 606-07

(E.D.N.Y. 2011) (no preemption of state punitive damages statute that required proof of fraud

upon federal agency but also proof of other elements demonstrating violation of a duty to

---

[6] In any event, it is not clear that § 7428 necessarily forecloses a private plaintiff from challenging the federal tax-exempt status of an organization.  The Second Circuit specifically held in *Fulani v. League of Women Voters Education Fund* that a private plaintiff did, in fact, have standing to do so.  882 F.2d 621, 625-28 (2d Cir. 1989).

[7] Notably, Congress has shown, at least in some instances, a reluctance to have the federal government interfere with states' administration of their own tax regimes.  *See* Tax Injunction Act, 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981) (stating federal Tax Injunction Act was enacted to "limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes"); *see also Fair Assessment in Real Estate Assoc. v. McNary*, 454 U.S. 100, 105 (1981) (holding principles of comity barred taxpayers from asserting § 1983 actions to challenge administration of state tax laws in federal court).

[8] Similarly, the state statutes at issue in *Marentette v. Abbott Laboratories, Inc.*, 886 F.3d 112 (2d Cir. 2018), cited by Defendant, appear to have been premised entirely on violations of the federal Organic Foods Production Act.  *See id.* at 118.

consumers); *In re Bayer Corp. Comb. Aspirin Prod. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 375-76 (E.D.N.Y. 2010) (no preemption of state consumer law claims that "touch on areas regulated by the FDA, and may even require reference to FDA definitions," where they "sound[] in traditional principles of state law").  These cases indicate that a state that incorporates some aspect of federal law into its own laws, which otherwise sound in traditional principles of state law, is not thereby foreclosed from enforcing its laws.

In sum, there is no tension, much less sharp and irreconcilable conflict, between federal tax law and the NYFCA.  Defendant therefore has failed to meet its heavy burden to overcome the presumption against preemption.

## II.   PENALIZING KNOWING VIOLATIONS OF TAX LAW THROUGH THE NYFCA RAISES NO CONSTITUTIONAL CONCERNS

The NYFCA cannot be unconstitutionally vague because it has a clear scienter requirement.  Both the Supreme Court and Second Circuit have repeatedly stated that "[s]uch a scienter requirement generally saves a statute from unconstitutional vagueness"—regardless of whether a statute can be characterized as "quasi-criminal" or if it potentially implicates constitutionally protected conduct.  *Advanced Pharm, Inc. v. United States*, 391 F.3d 377, 398 (2d Cir. 2003) (citing cases); *see Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 499 (1981); *Colautti v. Franklin*, 439 U.S. 379, 395 (1978); *Einaugler v. Supreme Court*, 109 F.3d 836, 842 (2d Cir. 1997).

Defendant appears to argue that imposing "draconian" penalties on charities who make "reasonable mistakes about the contours of" § 501(c)(3) while exercising their First Amendment rights would raise constitutional vagueness concerns.  This, however, has no bearing on the constitutionality of the NYFCA because of the NYFCA's scienter requirements.

The NYFCA applies only to "knowing" false claims or statements, and narrowly defines "knowing" to mean "actual knowledge," "deliberate ignorance," or "reckless disregard of the truth or falsity." *N.Y. State Fin. Law* § 188(3)(a).  By its own terms, then—and contrary to the concerns raised by Defendant—the statute could not be applied to individuals or entities who inadvertently make false statements about their right to tax-exempt treatment due to good-faith, reasonable interpretations of the tax laws. *Sprint Nextel Corp.*, 26 N.Y.3d at 112.  Instead, the statute could be applied only where the relevant individual or entity claimed a tax exemption despite actually knowing that they were not entitled to the exemption or did so in deliberate ignorance, or reckless disregard, of the fact that they were not entitled to the exemption.

## CONCLUSION

For the foregoing reasons, the State of New York respectfully requests that the Court deny Defendant's Motion to Dismiss insofar as it is premised on federal preemption and due process vagueness grounds, and requests any other such relief as the Court deems necessary and appropriate.

Dated:          New York, New York
                July 17, 2020

                                    Respectfully submitted,

                                    LETITIA JAMES
                                    Attorney General for the State of New York
                                    28 Liberty Street
                                    New York, New York 10005


                            By:     /s/ Sujata M. Tanikella
                                    Sujata M. Tanikella
                                    Assistant Attorney General
                                    (212) 416-6271
                                    sujata.tanikella@ag.ny.gov

                                    Joshua Dugan
                                    Assistant Attorney General
                                    (212) 416-8030
                                    joshua.dugan@ag.ny.gov