USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
         :
STATE OF NEW YORK *ex rel.* TZAC, INC.,    :
         :
         :
        Plaintiff,   :        1:20-cv-02955-GHW
         :
    -against-   :
         :     REQUEST FOR BRIEFING FROM
NEW ISRAEL FUND,   :        THE STATE OF NEW YORK
         :
        Defendant.   :
         :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

     Plaintiff commenced this *qui tam* action in New York Supreme Court on August 15, 2019, alleging that Defendant violated the New York State False Claims Act (the "NYFCA"). Dkt. No. 1-2. On August 25, 2020, Defendant moved to dismiss Plaintiff's amended complaint. Dkt. No. 36. In Defendant's motion papers, it argues, *inter alia*, that Plaintiff's claim is prohibited under the NYFCA's public disclosure bar because the allegations in the amended complaint were disclosed on various websites. Dkt. No. 37 at 7–9. Plaintiff opposed the motion on September 14, 2020, and Defendant replied on September 21, 2020. Dkt. Nos. 39–40.

     "[B]ecause '[t]he NYFCA follows the federal False Claims Act,' New York courts 'look toward federal law when interpreting the New York act.'" *Dhaliwal v. Salix Pharms., Ltd.*, 752 F. App'x 99, 100 (2d Cir. 2019) (alteration in original) (quoting *State ex rel. Seiden v. Utica First Ins. Co.*, 943 N.Y.S.2d 36, 39 (1st Dep't 2012)). Both the state and federal False Claims Acts bar actions where the same allegations alleged by the plaintiff have been publicly disclosed by the "news media." However, the text of the NYFCA differs from the text of the federal statute in a manner potentially significant to the resolution of Defendant's motion. In 2010, the NYFCA was amended to clarify

that information is not considered publicly disclosed by the news media merely by virtue of being "posted on the internet or on a computer network," whereas the federal statute is silent on the subject.  *Compare* N.Y. State Fin. Law § 190(b)(iii), *with* 31 U.S.C.A. § 3730 (e)(4)(A)(iii).

Unsurprisingly, the parties have presented conflicting views of how much weight the Court should give to this textual difference between the state and federal statutes.  Plaintiff argues that by amending the statute, the state legislature intended the language of the NYFCA's public disclosure bar to be stronger than its federal counterpart and that a "company's website is not news media, except when the company is itself a news organization."  Dkt. No. 39 at 5.  In contrast, Defendant argues that the amendment has little effect and certain websites can fall within either statute's public disclosure bar, even if not a "traditional news outlet."  *See* Dkt. No. 37 at 7–9; Dkt. No. 40. at 2.

The Court's adoption of either party's position would have a notable impact on the ability of relators to bring claims under the NYFCA, and there is limited guidance on which party has a correct understanding of the state legislature's intent as to the "news media" provision of the public disclosure bar.  The Court expects that the State of New York has an interest in this particular issue.  Therefore, the Court requests that the Office of the Attorney General provide the Court with the State of New York's position on the impact of the textual difference between the state and federal statutes, by no later than January 11, 2021.  That information will be useful for the Court in evaluating Defendant's motion to dismiss.

Dated:  December 28, 2020

_____
GREGORY H. WOODS
United States District Judge