David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

```
_____
                                )
State of New York ex rel.       )
TZAC, Inc.                      )
                                )
              Plaintiff-Relator,)
                                )
         - against -            )   No.: 1:20-cv-02955-GHW
                                )
                                )
New Israel Fund,                )
                                )
              Defendant.        )
_____)
```

### Memorandum in Opposition to Motion to Certify for Interlocutory Review

The Zionist Advocacy Center ("TZAC" or "Relator"), hereby submits its opposition to Defendant's Motion for Interlocutory Review.

### Introduction

NIF's motion for certification for interlocutory review should be denied: there is no controlling issue of law on which there is substantial disagreement; rather, the issue is inextricably intertwined with the facts.

Relator filed this *qui tam* action on behalf of the State of New York. The complaint alleges that Defendant, New Israel Fund ("NIF") falsely certified in its IRS 990 tax returns that it did not support or oppose candidates for public office. Relator alleges that contrary to its certifications NIF constantly and systematically supported and opposed candidates for public office in Israel. NIF moved to dismiss the complaint and

its motion was denied, so NIF now moves for certification for interlocutory review which should not be granted.

In this case, NIF assumes that just because it allegedly engaged in electioneering, that there are many other organizations that have done the same thing. That is simply not true. Many other organizations that are politically active have sister 501(c)(4) organizations which are allowed to engage, to some extent, in electioneering. for its grantees, that would not terminate the litigation or discovery process.

## **Argument**

When there is no final judgment an interlocutory order is generally not appealable because of the interest in "avoid[ing] the waste of time and the delay in reaching trial finality which ensue when piecemeal appeals are permitted." *Nelson v. Unum Life Ins. Co. of Am.*, 468 F.3d 117, 119 (2d Cir. 2006). There are a few exceptions which are appealable under interlocutory review; however, the requirements that need to be met are as follows: "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The reason for such a stringent test is to allow only interlocutory appeals when that would promote the court's efficiency. District courts should exercise caution in certifying cases for interlocutory review, because district courts are more familiar with the case. *Westwood Pharms., Inc. v Nat'l. Fuel Gas Distrib. Corp.*, 964 F2d 85, 89 (2d Cir 1992).

**I.     There Is No Controlling Issue of Law and Appeal Would Not Advance the Termination of the Litigation.**

To be eligible for an interlocutory appeal there first has to be a controlling issue of law in which if the Second Circuit decides to reverse the District Court, that would terminate the action. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). The question of law prong is only satisfied if the circuit court could decide the question without reviewing the record.  *Samuel Goldstein & Co., P.C. v Nisselson*, 2008 US Dist. LEXIS 57826, at *10 (E.D.N.Y. July 18, 2008) The legal argument, must be a purely abstract argument, not one intertwined with the facts of the case. *Ahrenholz v Bd. of Trs.*, 219 F3d 674, 677 (7th Cir 2000). There is no controlling issue of law here; rather the Second Circuit would need to review the record extensively.

Determining whether the allegation that NIF indirectly supported or opposed political candidates, is not a purely legal matter, and thus is not considered a "controlling issue of law." Rather, it is about applying the facts to the law. Here, the Court combined multiple allegations in the complaint to find plausible the allegation that NIF was directly or indirectly supporting or opposing candidates for office.

The Court found in its analysis that TZAC adequately alleged that the grants given by NIF to its grantees were general grants, which is at minimum a reckless act of NIF because NIF did not bar the organizations from using the money to electioneer. The Court did a further factual analysis to determine that NIF knew that it was electioneering. It put in context the fact that NIF made a statement that it was working with Council for Peace and Security (CPS) to fight "Israel's regressive right and win" as well as the fact that CPS was constantly electioneering by opposing Benjamin Netanyahu for office.

Those allegations combined made it plausible that NIF was in violation. The Court based its decision, not on any controlling issue of mere law, but by applying the facts of this case to the law. That is not a valid ground for certification because there are various moving parts that cannot be solved by "an abstract answer to an abstract question." *Slade v Shearson, Hammill & Co.*, 517 F2d 398, 400 (2d Cir 1974).

NIF argues that here it will at least materially advance the litigation because the material advancement prong is met when a ruling from the Second Circuit would at the very least, "simplify the scope of discovery." *German v. Fed. Home Loan Mortg. Corp.*, No. 93 CIV. 6941 NRB, 2000 WL 1006521, at *2 (S.D.N.Y. July 19, 2000). However, NIF took that statement out of context. The statement from the court there was that if their order was to be reversed, "while not necessarily terminating the litigation, would 'effectively end plaintiffs' federal claims, … **and** would greatly simplify discovery and trial on the remaining claims if any." *Id.* (emphasis added). As previously discussed, a reversal of the order here would not effectively end Relator's claims.

NIF argues that this issue will have potential impact on many other grant making organizations. The resolution of this issue is extremely unlikely to affect even future cases because many any other 501(c)(3) organizations are careful to not violate the IRS guidelines and thus would not be liable for violating. Relator has done extensive research on this issue and has found that NIF is an outlier. Even if this case were to have ramifications for other cases, while something that can be considered, "that is not the same as defining a 'controlling question of law.'" Many scholars say that the issue about whether this question needs to have importance to many other lawsuits does not have support in the statutory purpose. *Klinghoffer* 921 F.2d 21, 24 (2d Cir. 1990).

4

## II. There Is Not Ground for Difference of Opinion and the Issue Is Very Fact Specific.

NIF further argues that there is a lot of room for disagreement here. Not only is there no difference of opinion in other courts, but this issue is so fact specific, that it is unlikely to arise in future cases. Additionally, the Court gave a well-reasoned opinion where it laid out its grounds for the denial of the motion. The opinion of the Court made clear that viewing the facts in context and in the light most favorable to the Relator, the Relator prevails. First, TZAC alleged that the grants that were given were general grants and thus at a minimum TZAC recklessly electioneered. Second, TZAC adequately alleged that NIF knew that its grantee CPS was electioneering and was supportive of that based on NIF's own statements. Taking all the facts of the case together, there is not a lot of room for disagreement.

It should be noted that NIF frequently mentions that discovery will be expensive and complicated. However, NIF removed this case from State Court where the rules regarding interlocutory appeals are much more liberal. Now that NIF has chosen to come to Federal Court, while knowing that interlocutory appeals are not a right, it should not be eligible for a relaxed standard, such as getting certification merely because discovery will be expensive and complicated. NIF took on that risk by choosing to litigate in Federal Court.

It is important to emphasize that if the matter proceeds without certification for interlocutory appeal, the heavens will not fall. Under applicable law, the State of New York retains full authority to settle or dispose of this matter, even over Relator's objections. Relator has previously brought another False Claims Act, *United States of America ex rel. v. Norwegian People's Aid* 15 Civ. 4892 (S.D.N.Y), in front of this

Court, and while the total damages alleged were approximately $90 million, the case was settled for only approximately $2 million.

## Conclusion

For the foregoing reasons, the Court's denial of the motion to dismiss should not be certified for interlocutory review.

David Abrams, Attorney at Law
Attorney for Plaintiff-Relator
Zionist Advocacy Center

501 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated: March 10, 2021
New York, New York