USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK *ex rel.* TZAC, INC.

    Plaintiff-Relator,

v.

NEW ISRAEL FUND,

    Defendant.

No. 1:20-cv-2955-GHW

**Stipulation of Settlement and Dismissal**

## PARTIES

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), this Stipulation of Settlement and Dismissal ("Stipulation") is entered into on March 10, 2021 by and among Plaintiff-Relator TZAC, Inc. ("TZAC") and Defendant New Israel Fund ("NIF"), collectively "the Parties" through their undersigned counsel.

## RECITALS

A.     WHEREAS TZAC has made certain allegations against NIF in this lawsuit (the "Lawsuit") and the State of New York, after investigating the matter, declined to intervene in the Lawsuit;

B.     WHEREAS NIF has denied those allegations and argued that they do not state a claim to relief;

C.     WHEREAS TZAC and NIF respectfully disagree with each other regarding those allegations and their legal implications, and no party admits any liability or wrongdoing whether with respect to the allegations in the Lawsuit, the events described therein, or otherwise;

D.  WHEREAS the Parties desire to fully and finally resolve the claim asserted in the Lawsuit and therefore agree as follows:

**TERMS OF AGREEMENT**

1. In consideration of the mutual promises, covenants, and obligations set forth below, for good and valuable consideration as stated herein, in compromise of all claims asserted in the Lawsuit, and to fully resolve and terminate any and all claims, issues, and disputes that arise out of or are in any way related to the conduct alleged in the Complaint and/or First Amended Complaint, from the beginning of time until the present day, it is hereby STIPULATED AND AGREED as follows:

2. The Lawsuit shall be dismissed with prejudice as to TZAC and without any further remedies, fees, costs, or expenses as to the Parties. The dismissal shall be without prejudice as to the State of New York.

3. Neither this Stipulation, nor its execution, nor any term of it or the performance of any obligation under it is intended to be or shall be construed as an admission of liability or wrongdoing or other expression reflecting upon the merit or lack of merit of the Lawsuit.

4. The Parties will not publicly disparage each other in connection with this Lawsuit or each other's position in the Lawsuit. For clarity, and without limiting the foregoing, the Parties will not publicly state or imply that (i) the other side's position in the Lawsuit was frivolous, baseless, unmeritorious or the like; (ii) this Stipulation constitutes or reflects a "win" or a "victory" or the like by either side, or (iii) either side agreed to this Stipulation because of a belief that its position was lacking in merit. For further clarity, and without limiting the foregoing, should TZAC or NIF choose to comment publicly on the Lawsuit or this Stipulation, they may publicly state that

5

they disagree with the other side's position in the Lawsuit, that they "believe" that the other side's position lacks merit, or the like.

5. Going forward NIF will take reasonable steps to ensure its compliance with its obligations under applicable law regarding the regulation of not-for-profit entities (including federal law, New York law, and Israeli law, to the extent each is applicable) in respect of its activities with itself, its activities with its affiliates, and its activities with its grantees.

6. TZAC warrants that, other than the Lawsuit, it has not filed and will not file (or assist in the filing or cause the filing of) any other lawsuit, claim, or proceeding of any kind against NIF with respect to any claim of any kind that TZAC had or may have had based on any act or omission up to the date of this Stipulation.

7. To the extent, if any, that TZAC may have an unwaivable right to file (or assist in the filing or cause the filing of) any other lawsuit, claim, or proceeding described in paragraph 6, TZAC nonetheless warrants that it will not obtain, and hereby waives any right to, any relief of any kind or any share of any recovery from any such lawsuit, claim, or proceeding.

8. This Stipulation constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

9. The Stipulation is governed by the laws of the United States to the extent applicable and by the laws of the State of New York.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Stipulation will be the United States District Court for the Southern District of New York.  To the extent that that court cannot exercise jurisdiction over such a dispute, the Parties agree that the courts of New York will have exclusive jurisdiction and venue.

5

10. Electronic signatures in the portable document format (.pdf) constitute acceptable, binding signatures for the purposes of this Stipulation.

11. Each person who signs this Stipulation in a representative capacity warrants that he or she is duly authorized to do so.

12. This Stipulation is effective on the date of the signature of the last signatory.

13. The State of New York is not bound by the terms of this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation of Settlement and Dismissal.

Dated: March 10, 2021

Respectfully submitted.

_____
Jeffrey S. Bucholtz, *Pro Hac Vice*
Gabriel Krimm, *Pro Hac Vice*
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006
Tel: 202-626-2907
Fax: 202-626-3737
jbucholtz@kslaw.com
gkrimm@kslaw.com

J. Emmett Murphy
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222
jemurphy@kslaw.com

Brian Hauss
Arianna Demas
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
Tel: (212) 549-2604
Fax: (212) 549-2649
bhauss@aclu.org
ademas@aclu.org

*Counsel for Defendant New Israel Fund*

_____
David Abrams, Attorney at Law
501 Broadway Suite 601
New York, NY 10007
Tel: 212-897-5821
Fax: 212-897-5811

*Counsel for Plaintiff-Relator
TZAC, Inc.*

---

Plaintiff-Relator TZAC, Inc. and defendant New Israel Fund have stipulated to the dismissal of this action with prejudice as to Plaintiff-Relator, and without prejudice as to the State of New York pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(ii). The Court takes no position on the terms of the parties' agreement. The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case.

Dated: March 11, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge